# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**REBECCA IZZO-DAKIN,**

    **Plaintiff,**

**vs.**                                    **Case No.:**

**ECOLAB, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, REBECCA IZZO-DAKIN, by and through undersigned counsel, sues the Defendant, ECOLAB, INC., and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, REBECCA IZZO-DAKIN (hereinafter referred to as "Plaintiff" or "Izzo-Dakin"), was a resident of Manatee County, Florida and at all times material, worked from home for Defendant.

4. Defendant, ECOLAB, INC. (hereinafter referred to as "Defendant" or Ecolab"), was a for profit foreign corporation, authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was an employee of the Defendant within the meaning of the Family and Medical Leave Act ("FMLA").

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer – the Defendant.

7. At all times material, herein Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

8. At all times material herein, Defendant was and is an employer as defined by the laws under which this action is brought and employee the requisite number of individuals.

9. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

## ADMINISTRATIVE PREREQUISITES

10. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on June 24, 2019.

11. On January 14, 2020, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

12. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the aforementioned Charge.

## FACTUAL ALLEGATIONS

13. Plaintiff began her employment with Defendant in or around July 2016, as a Street Development Manager, Facility Care.

14. In approximately September 2017, Plaintiff was promoted to the position of Distributor Sales Development Manager which resulted in more frequent trips from her home office in Parrish, Florida to Miami.

15. Plaintiff was provided a company vehicle. The frequent travel and nature of her company provided vehicle began causing a chronic back condition for which she began a regimen of care and treatment.

16. In approximately April 2018, Plaintiff was promoted to the position of Technical Account Manager.

17. At the time of her promotion, Plaintiff made a request for a reasonable accommodation, specifically "I need a better vehicle or to have my drivers side seat taken out and replaced with something with more support. I am willing to buy my own vehicle. I just need an answer on this so that I can manage."

18. Plaintiff's request was ignored and denied. As a result, her chronic condition progressed necessitating a regimen of active therapy.

19. Beginning on or about June 26, 2018, Plaintiff repeatedly renewed her request for a reasonable accommodation. However, on each occasion, her request was denied.

20. On or about September 2018, the repeated failure to reasonably accommodate Plaintiff's request and the progressive nature of her serious health condition led her to make a claim for workers compensation. Her absences due to her serious health condition were FMLA qualified.

21. Defendant continued to deny Plaintiff's reasonable accommodation requests. Plaintiff made continuous efforts to work in her assigned job with a reasonable accommodation, or to be transferred to open positions for which she is qualified.

22. On or about Monday, June 17, 2019, after months of making efforts to return to work, Plaintiff began doing her job. At the end of a productive day, her boss inexplicably informed her to stop working and to not work again until further notice.

23. Plaintiff remained ready, willing and able to work, but Defendant refused to allow her to return to work.

24. Defendant only allowed Plaintiff to return to work after she filed her EEOC Charge and the Government began its inquiry into her Charge.

25. Despite returning her to work, the Defendant has continued retaliating toward Plaintiff by, among other things:

 a) Providing Plaintiff with an unsafe and defective vehicle that has required Plaintiff to have the vehicle serviced on at least 10 occasions;

 b) Defendant had neglected Plaintiff's distributer during her absence which negatively affected her ability to perform upon her return;

 c) Plaintiff was issued a negative performance review;

 d) Plaintiff was denied a reasonable accommodation of providing her with her own room at corporate events; and

 e) Plaintiff has been denied transfer to open positions for which she was qualified.

# COUNT I
# FAMILY MEDICAL LEAVE ACT – INTERFERENCE

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

27. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq.

28. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months, had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave, and worked at a location where the Defendant had at least fifty (50) employees within seventy-five (75) miles.

29. Defendant is a covered employer under the FMLA in that they had fifty (50) or more employees in twenty (20) or more work weeks in the current or preceding calendar year.

30. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

31. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights among other actions.

32. Defendant's actions constitute violations of the FMLA.

33. As a result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

     e.     Attorneys' fees and costs;

     f.     Injunctive relief; and

     g.     For any other relief, this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT – RETALIATION

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

35. Defendant has retaliated against Plaintiff in violation of the FMLA in that Plaintiff's employment was terminated after he exercised his right to utilize qualified FMLA leave.

36. Defendant's actions constitute a violation of the FMLA.

37. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

     a.     Back pay and benefits;

     b.     Prejudgment interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Liquidated damages;

     e.     Attorneys' fees and costs;

     f.     Injunctive relief; and

     g.     For any other relief, this Court deems just and equitable.

## COUNT III
## WORKERS' COMPENSATION RETALIATION

38. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

39. Plaintiff was an employee within the meaning of Florida Statute Section 440.02 (1993).

40. Defendant has taken unlawful action against Plaintiff by reason of Plaintiff's valid claim for workers' compensation laws, in violation of Florida Statute Section 440.205 (1993).

41. As a direct, natural, foreseeable and proximate result of the Defendant's wrongful termination of the Plaintiff, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief, this Court deems just and equitable.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 "ADAAA"

42. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

43. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

44. Plaintiff is an employee within the meaning of the ADAAA, as amended.

45. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff with a reasonable accommodation could perform the essential functions of her job with Defendant.

46. By the conduct described above, Defendant engaged in unlawful employment practices, discriminated against Plaintiff because of her disability, and failed to provide reasonable accommodations.

47. The above described acts of disability discrimination constitute a violation of the ADAAA, as amended, for which Defendant is liable.

48. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

49. As a direct and proximate result of Defendant's violations of the ADAAA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. Injunctive relief;

g. Attorneys' fees and costs; and

h. For any other further relief the Court deems just and proper.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT - DISABILITY

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

51. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

52. Plaintiff is an employee within the meaning of the FCRA.

53. Plaintiff is an individual with a disability.

54. By the conduct described above, Defendant engaged in unlawful employment practices, discriminated against Plaintiff because of her disability, and failed to provide reasonable accommodations.

55. The above described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

56. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

57. As a direct and proximate result of Defendant's violations of the FCRA, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Punitive damages;

f.  Injunctive relief;

g.  Attorneys' fees and costs; and

h.  For any other further relief the Court deems just and proper.

## COUNT VI
## AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT OF 2008 "ADAAA" - RETALIATION

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

59. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Americans with Disabilities Act Amendments of 2008 ("ADAAA").

60. The above described acts of retaliation constitute a violation of the ADAAA.

61. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

a.  Back pay and benefits;

b.  Prejudgment interest on back pay and benefits;

c.  Front pay and benefits;

d.  Compensatory damages for emotional pain and suffering;

e.  Punitive damages;

f.  Injunctive relief;

  g. Attorneys' fees and costs; and

  h. For any other further relief the Court deems just and proper.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

  62. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-five (25).

  63. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760.

  64. The above described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

  65. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

  **WHEREFORE,** Plaintiff, REBECCA IZZO-DAKIN, prays for judgment against the Defendant, ECOLAB, INC., and for the following damages:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Punitive damages;

  f. Injunctive relief;

  g. Attorneys' fees and costs; and

  h. For any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

66. Plaintiff demands a trial by jury on all issues so triable.

Dated this 8th day of April, 2020.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        **/s/ Wolfgang M. Florin**
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        Primary: wolfgang@fgbolaw.com
        Secondary: daniela@fgbolaw.com
        e-filing@fgbolaw.com
        **CHRISTOPHER D. GRAY, ESQUIRE**
        Florida Bar No.: 902004
        Primary: chris@fgbolaw.com
        16524 Pointe Village Drive, Suite 100
        Lutz, Florida 33558
        Telephone No.: (727) 254-5255
        Facsimile No.: (727) 483-7942
        *Trial Attorneys for Plaintiff*